UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61711-CIV-SINGHAL

MARLOWE D. ROBINSON,

    Plaintiff,

v.

BROWARD COUNTY SCHOOL DISTRICT,
ROBERT W. RUNCIE, RICHARD VOLPI,
JEFFERY MOQUIN, DOUG GRIFFIN,
CRAIG KOWLASKI, ERIK LOPEZ, ERIC CHISEM,
and SUSAN COOPER, individually and in their
official capacities,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte* upon review of the record. Plaintiff, Marlowe D. Robinson ("Robinson") is a former employee of the Broward County School District whose employment was terminated in May 2018. Robinson filed his Complaint (DE [1]) on September 12, 2022. He applied for and was granted leave to proceed *in forma pauperis.* (DE [10]). 28 U.S.C. § 1915.

Section 1915 "is intended to provide all indigent litigants with meaningful access to courts by removing the obstacle of poverty." *Taliaferro v. United States*, 677 Fed. Appx. 536, 537 (11th Cir. 2017) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). "Congress recognized, however, that an indigent litigant, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous or repetitive lawsuits. To prevent such frivolous or abusive litigation, Congress authorized the federal courts to dismiss IFP actions sua sponte on various grounds." *Id.* (internal citations omitted). 28 U.S.C. § 1915(e).

A complaint of an indigent person may be dismissed if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. Although the statute refers specifically to actions filed by prisoners, the Eleventh Circuit has held that "district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike." *Taliaferro,* 677 Fed. Appx. at 537 (citing *Troville v. Venz*, 303 F.3d 1256, 1259–60 (11th Cir. 2002) ("find[ing] no error" in the district court's dismissal of a non-prisoner's complaint under § 1915(e)(2)(B)(ii))).

The Court has extensively reviewed Plaintiff's Complaint, as well as a previous Complaint that was dismissed by Judge Smith on June 2, 2020. *See Marlowe D. Robinson v. Broward County School District,* 19-63009-CIV-Smith ("*Marlowe I*"). For the reasons discussed below, the Court finds that the present Complaint should be dismissed with prejudice.

Prior to his termination, Plaintiff filed numerous grievances with various agencies including the School Board Human Resources Department, OSHA, and the Florida Public Employees Relations Commission ("PERC"). He filed seven grievances about his supervisor between February 18, 2016, and April 7, 2017. (DE [1] ¶ 45.) The grievances included complaints about "verbal abuse" committed by others against third persons, racial bias in the School Board's internal training and promotion exams, the failure to promote Plaintiff, and the failure to provide overtime opportunities. (*Id.* ¶¶ 43-47). Plaintiff's employment was terminated on May 9, 2018.

The Complaint in *Marlow I* raised the identical factual allegations as the present Complaint but attempted to raise only three claims. Judge Smith dismissed *Marlowe I* on procedural and substantive grounds. The Complaint in that case failed to comply with

Rules 8 and 10 of the Federal Rules of Civil Procedure because Plaintiff brought three different claims but his allegations were not separated and stated in separate counts. Plaintiff was advised that "[e]ach numbered paragraph should be limited, as far as practicable, to a single set of circumstances, and each claim founded on a separate transaction or occurrence be stated in a separate count." *Marlowe I,* Order Granting Defendant's Motion to Dismiss for Failure to State a Claim (DE [34]) (Jun. 2, 2020). Judge Smith also held that Plaintiff failed to state a claim for relief under the Family Medical Leave Act, the Americans with Disabilities Act, or for unpaid wages. (*Id.*) In particular, Judge Smith found that the Complaint failed to allege whether Plaintiff exhausted his administrative remedies by filing a charge with the Equal Employment Opportunity Commission. (*Id.* p. 34). Judge Smith dismissed the Complaint but granted Plaintiff leave to amend by June 16, 2020. When Plaintiff failed to timely amend his Complaint, Judge Smith dismissed the case without prejudice. *Marlowe I,* Order of Dismissal (Jul. 14, 2020).

More than two years later, Plaintiff filed the present case, this time naming as Defendants the Broward County School Board, along with numerous officials in their official and individual capacities. The Complaint, again, fails to comply with the rules of pleading and fails to state a claim upon which relief can be granted.

The Complaint in the present case is a classic shotgun pleading. Each of the 14 counts incorporates the allegations of the preceding counts. Many of the counts claim "Unfair Labor Violations" but fail to specify a statutory or common law cause of action. The Complaint meets the classic definition of a shotgun pleading in that it fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The Complaint can be dismissed on that basis alone. But the most

important deficiency of Plaintiff's present Complaint is that whatever claims might be lurking in the Complaint are barred by the statute of limitations.

Every act complained of by Plaintiff occurred between 2015 and 2017, except his termination, which occurred in May 2018. Whatever claims Plaintiff has concerning the acts that took place between 2015 and 2017 are barred by the general four year statute of limitation. Fla. Stat. § 95.11(3). As for his wrongful termination claims, Plaintiff claims he was terminated on the basis of his race and disability. Plaintiff alleges that he filed a complaint with the EEOC about his ADA claims and received a right to sue letter in September 2017. Plaintiff gives no indication that he filed a claim with the EEOC about his alleged wrongful termination. As such, the statute of limitations began to run on the date of his termination or within 90 days of receiving the right to sue letter. *Arrington v. United Parcel Service, Inc.,* 2009 WL 10668750, at *3 (S.D. Fla. Feb. 24, 2009). *Gant v. Jefferson Energy Co-op.,* 348 Fed. Appx. 433 (11th Cir. 2009). In either case, the statute of limitations ran long before Plaintiff filed the present action.

The Court finds that Plaintiff's action is properly dismissed with prejudice and without leave to amend. Plaintiff filed a lawsuit arising from his employment with the Broward County School board in 2019 which was dismissed with leave to amend. This is his second bite at the apple and he still fails to state a claim upon which relief can be granted. And because the statute of limitations has clearly run, any amendment would be futile. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Complaint (DE [1]) is **DISMISSED WITH PREJUDICE** for failure to state a claim. 28 U.S.C. § 1915A. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 4th day of October 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copy furnished Plaintiff, *pro se*,
via US Mail